# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD CURTIS SMITH, | CV F 04 6637 AWI LJO P |
| Plaintiff, | |
| v. | AMENDED ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1) |
| CANU, et. al., | ORDER DISREGARDING "MOTION OF ACKNOWLEDGE FACTS AND CORRECT PROBLEM." (Doc. 13.) |
| Defendants. | |

Leonard Curtis Smith ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on November 8, 2004, in the U.S. District Court for the Eastern District of California, Sacramento Division. The case was subsequently transferred to this Court and received on December 2, 2004.

On April 10, 2006, this Court issued an Order dismissing the Complaint with leave to amend. However, the order contained a typographical error which prompted Plaintiff to file a "Motion of Acknowledge Facts and Correct te Problem." (Doc. 13.) Plaintiff objected solely to the typographical error but not to the analysis of the complaint or any of the other facts set forth by the Court regarding this action. Plaintiff is correct that there was a typographical error in the Order. However, Plaintiff is surely aware that his is not the only civil rights case pending in this Court and that there are literally hundreds of like cases before the Court at any given time. Given

the enormity of the Court's caseload a typographical error from time to time is inevitable. Further, this Court's resources are already taxed as it is and this sort of hyper-technical objection serves only to further tax the Court's resources by requiring the Court to direct its resources to addressing Plaintiff's Motion in objection to a typographical error. In any event, the Court will reissue the previous order correcting the typographical error but informs Plaintiff that he should not make a habit of filing "motions" for such a purpose.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff's Complaint is somewhat incoherent but the Court is able to glean from it that he alleges that he was transferred to four separate times in retaliation for his filing inmate grievances concerning "lunches." For example, the Complaint begins, "Defendant D Canu, Lt., first than

that started this 'collusion' was Plaintiff's was transfer (4) times, because of defendants the, upper level administrative, the CSR, CCI and CCI, began their own form of government terrorism by going after Plaintiff for file an 'appeal' for inmates 'lunches.'" (Complaint at 3.)

**C.  CLAIMS FOR RELIEF**

*1.  Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

*2.  Retaliation*

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Pratt 65 F.3d at 807.  The injury asserted in retaliation cases is the retaliatory

1  conduct's chilling effect on the plaintiff's First Amendment rights.  See Hines v. Gomez, 108
2  F.3d 265, 269 (9th Cir. 1997); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).
3          A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus
4  between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action).
5  McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. of
6  Educ. v. Doyle, 429 U.S. 274 (1977).  The prisoner must submit evidence, either direct or
7  circumstantial, to establish a link between the exercise of constitutional rights and the allegedly
8  retaliatory action.  Pratt, 65 F.3d at 806.  Timing of the events surrounding the alleged retaliation
9  may constitute circumstantial evidence of retaliatory intent.  See Pratt 65 F.3d at 808; Soranno's
10 Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).
11         In this case, Plaintiff provides insufficient facts to give rise to a First Amendment claim.
12 Although Plaintiff states that his transfers were in retaliation for filing grievances, he fails to
13 provide sufficient details about the events at issue that would support a First Amendment claim.
14 In addition, Plaintiff fails to link any of the named Defendants to an act or omission giving rise to
15 that violation.  Plaintiff does state that Defendant Canu was the "first" but other than that, he
16 provides no facts indicating what action, if any was taken by him in relation to the allegations.

17 **D. CONCLUSION**

18         Accordingly, the Court finds that Plaintiff's complaint does not contain any claims upon
19 which relief can be granted under § 1983 against any of the Defendants.  The Court will provide
20 Plaintiff with time to file a first Amended Complaint curing the deficiencies identified above
21 should he wish to do so.
22         Plaintiff must demonstrate in the Amended Complaint how the conditions complained of
23 resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir.
24 1980).  The Amended Complaint must specifically state how each Defendant is involved.
25 Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
26 connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423,
27 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588
28 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading.  As a general rule, an Amended Complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E. ORDER**

The Court HEREBY ORDERS:

1. The "Motion of Acknowledge the Facts . . ." is DISREGARDED;
2. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;
3. The Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:
   a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or
   b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   April 27, 2006**                         /s/ Lawrence J. O'Neill
b6edp0                                             UNITED STATES MAGISTRATE JUDGE