# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD CURTIS SMITH, | CASE NO. 1:04-cv-06637-AWI-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| CANU, et al., | (DOC. 29) |
| Defendants. | OBJECTION DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.    Screening Requirement**

Plaintiff Leonard Curtis Smith ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 8, 2004, in the U.S. District Court for the Eastern District of California, Sacramento Division. The case was transferred to this Court and received on December 2, 2004. The Court dismissed Plaintiff's complaint with leave to amend for failure to state a claim on April 10, 2006. Plaintiff filed his amended complaint on July 24, 2006. The Court dismissed the first amended complaint with leave to amend on April 29, 2008. The Court granted Plaintiff's motions to extend time to file the second amended complaint on May 29, 2008 and on June 27, 2008. Plaintiff filed his second amended complaint on July 16, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

   **A.     Summary of Complaint**

Plaintiff's second amended complaint is 99 pages long, largely incoherent, unorganized, and nearly impossible to decipher. Plaintiff alleges that Defendants have violated his First, Fourth, Eighth, and Fourteenth Amendment rights. Plaintiff also alleges that this is a class action on behalf of a large number of plaintiffs. However, instead of alleging specific facts to support his claims, Plaintiff chose to fill his complaint with legal jargon, citations and arguments which do not support his claims. In addition, Plaintiff's complaint appears to contain numerous and unrelated claims against a number of defendants at several different facilities.

Plaintiff alleges that Defendants deprived him of his personal property for four months, violated the Equal Protection Clause and the Eighth Amendment by denying him a classification review, violated the First and the Fourth Amendment by inspecting his outgoing legal mail, and violated due process by refusing him marital privacy, procreative liberty, and classification review.

**B.     Federal Rule of Civil Procedure 8(a)**

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). A complaint must contain "[sufficient] [f]actual allegations...to raise a right to relief above the speculative level . . . ." Id. at 1965 (internal citations omitted). Plaintiff's 99 page complaint is not a short and plain statement of Plaintiff's claim, nor does it contain sufficient facts to state potential claims. Plaintiff's second amended complaint fails to comply with Rule 8(a), despite explicit instructions in the Court's previous screening order filed April 29, 2008.

**C.     Federal Rule of Civil Procedures 18**

The April 28, 2008, screening order cautioned Plaintiff against stating multiple unrelated claims against multiple defendants. Plaintiff has already been advised that "unrelated claims against different defendants belong in different suits. . . ." George v. Smith, 507 F. 3d 605, 607 (7th Cir. 2007). Plaintiff's second amended complaint contains multiple unrelated claims against multiple defendants and thus fails to comply with Rule 18.

**D.     Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

3

(1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). Plaintiff fails to link each named defendant to the alleged violation of his constitutional rights.

### D. Deprivation of Property

Plaintiff alleges that he was deprived of personal property for four months. The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Plaintiff fails to allege sufficient facts for the Court to determine what property Plaintiff was deprived of, and whether the deprivation was authorized. Furthermore, Plaintiff fails to allege any facts suggesting he was deprived of due process, in case the deprivation was authorized. Thus, Plaintiff fails to state a due process claim for the deprivation of personal property.

### E. Denial of Classification Review: Equal Protection Claim

Plaintiff alleges that he is being denied a classification review, which affects his rights to procreation, marital privacy and transfer. Plaintiff alleges that the denial of classification review is a violation of the Equal Protection Clause, which requires that persons who are similarly situated be

treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a protected class, such as race. Thorton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

The second way to establish an equal protection claim is for the plaintiff to show that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2002); SeaRiver Mar. Fin. Holdings, Inc., Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, the plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564. If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir. 1995).

Plaintiff does not allege any facts that would state an equal protection claim under either theory. He fails to allege any facts demonstrating that Defendants have discriminated against him based on Plaintiff's membership in a protected class. He also fails to allege any facts demonstrating that he was treated differently from others similarly situated without a rational basis for the different treatment. Thus, Plaintiff fails to allege any facts to state an equal protection claim.

### F. Denial of Classification Review: Eighth Amendment

Plaintiff alleges that the denial of a classification review is a violation of the Eighth Amendment. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.

2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Plaintiff's allegation of being subjected to cruel and unusual punishment by being deprived of classification reviews is not an extreme deprivation subject to the Eighth Amendment. Plaintiff does not have a constitutional right to a particular classification status, see Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976), nor does he have a constitutional right to be incarcerated at a particular correctional facility. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Accordingly, Plaintiff fails to state an Eighth Amendment claim.

### G.     Procedural Due Process

Plaintiff alleges that he was deprived of due process because he has a fundamental liberty interest in marital privacy, classification review, procreative liberty, and transfer status. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The state does not create protectable liberty interests by way of mandatory language in prison regulations. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Rather, the existence of a liberty interest is determined by focusing on the nature of the deprivation. Id. Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. As previously stated, Plaintiff has no constitutional right to a particular classification status, see Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976), nor does he have a constitutional right to be incarcerated at a particular correctional facility. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Thus, Plaintiff does not have any fundamental liberty interest to

classification review or transfer to another institution, and thus fails to state a due process claim for classification review and transfer status.

"It is well established that a parent has a "fundamental liberty interest" in "the companionship and society of his or her child" and that "[t]he state's interference with that liberty interest without due process of law is remediable under [42 U.S.C. § ]1983." Kelson v. City of Springfield, 767 F.2d 651, 654-55 (9th Cir. 1985) (citing Santosky v. Kramer, 455 U.S. 745, 753 (1982) "[T]his constitutional interest in familial companionship and society logically extends to protect children from unwarranted state interference with their relationships with their parents." Smith v. City of Fontana, 818 f.2d 1411, 1418 (9th Cir. 1987) overruled on other grounds by Hodges-Durgin v. de la Vina, 199 F.3d 1037 (9th Cir. 1999). Moreover, "the First Amendment protects those relationships, including family relationships, that presuppose 'deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life.'" Board of Dir. v. Rotary Club, 481 U.S. 537, 545 (1987) (quoting Roberts v. United States Jaycees, 468 U.S. 609, 619-20 (1984); see also Conti v. City of Fremont, 919 F.2d 1385, 1388-1389 (9th Cir. 1990)." Lee v. City of Los Angeles, 250 F.3d 668, 685 (9th Cir. 2001). While Plaintiff does have a fundamental liberty interest in familial relationships, Plaintiff fails to show how his liberty interest was infringed upon, and what due process he was provided or denied. The Court already provided specific instructions to Plaintiff on what he must allege in order to state a claim in its April 29, 2008, screening order, and Plaintiff has failed to allege any facts to state a due process claim for marital privacy and procreative liberty.

### H.     Mail: First Amendment

Plaintiff also alleges a violation of the First Amendment when Defendants inspected Plaintiff's outgoing legal mail. Plaintiff alleges that Defendants opened and inspected his letters addressed to Governor Schwarzenegger of California. Plaintiff is advised that legal mail is narrowly defined as mail between a prisoner and his attorney. See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) (mail from court is not legal mail); Mann v. Adams, 846 F.2d 589, 590 (9th Cir. 1998) (mail from public officials is not legal mail); see also United States v. Griffin, 440 F.3d 1138, 1144

(9th Cir. 2006) (letter from prisoner to his wife, an attorney, regarding non-legal matters not privileged legal mail). Therefore, Plaintiff's letters to the governor, although Plaintiff characterized them as legal, are not legal mail. Censorship of outgoing prisoner mail is justified under certain circumstances. Procunier v. Martinez, 416 U.S. 396, 413 (1974) (overturned by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989) only as test relates to *incoming mail* - Turner test applies to incoming mail).

Even if Plaintiff's outgoing mail were legal mail, the mere fact that prison officials opened and conducted a visual inspection of a prisoner's legal correspondence does not state a claim for violation of a prisoner's constitutional rights. See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Mitchell v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996). Accordingly, Plaintiff fails to state a claim for a First Amendment violation.

### I.  Mail: Fourth Amendment

Plaintiff alleges that the Defendants violated the Fourth Amendment when they inspected Plaintiff's outgoing mail. Prisoners have very limited Fourth Amendment rights while incarcerated. United States v. Vallez, 653 F.2d 403, 406 (9th Cir. 1981). Prison officials are generally entitled to monitor outgoing nonprivileged, non-legal mail. See Stroud v. United States, 251 U.S. 15 (1919) (interception of inmate's mail does not violate the Fourth Amendment); Smith v. Shimp, 562 F.2d 423, 425 (7th Cir. 1977) (interest of state in monitoring nonprivileged correspondence justifies minor burdens placed on freedom to communicate with friends and relatives); United States v. Kelton, 791 F.2d 101 (8th Cir.), cert. denied, 479 U.S. 989 (1986) (rejecting contention that regulations authorizing prison officials to read and copy non-privileged mail violate inmate's Fourth Amendment rights); Yancey v. Jenkins, 638 F. Supp. 340, 341 (N.D. Ill. 1986) ("It is settled law that prisoners have no legitimate expectation of privacy in their [nonprivileged] correspondence."); Murphy v. Morris, 849 F.2d 1101, 1104-05 (8th Cir. 1988). Accordingly, Plaintiff fails to state a Fourth Amendment claim.

### J.  Supervisory Liability

Plaintiff alleges that Defendants Lewis, Warden of Pleasant Valley State Prison ("PVSP"); Godfrey, Warden of Avenal State Prison ("ASP"); Dicarlo, Warden of California Institution for Men

("SIM"); and Yates, Warden of Pleasant Valley State Prison ("PVSP") are responsible for the welfare of all prisoners incarcerated at their respective institutions. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff fails to allege any facts that specifically links Defendants Lewis, Godfrey, Dicarlo, and Yates to the alleged constitutional violations. Thus, Plaintiff fails to state a claim for supervisory liability against Defendants Lewis, Godfrey, Dicarlo, and Yates.

**K.      Class Action**

Plaintiff states that this litigation is a class action. Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4). See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by plaintiff.

**L.      Claim for Equitable Relief**

Plaintiff seeks injunctive relief, in addition to damages. As Plaintiff has failed to state a claim upon which relief can be granted, his claim for injunctive relief also fails.

Even if Plaintiff were able to state a cognizable claim upon which relief may be granted, Plaintiff does not specify what sort of injunction he is seeking. An injunction is an order from the court requiring a person or other entity to stop doing something. Therefore, when requesting an injunction, a party must specify what that 'something' is that the party is requesting the court to issue an injunction for. Plaintiff cannot seek a generic injunction. Plaintiff must specify what he would like the court to enjoin (prevent) defendants from doing.

Additionally, when a prisoner seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subject to those conditions. Nelson v. Heiss, 277 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Because Plaintiff is no longer housed at PVSP, CIM, and CRC, his injunctive relief claims regarding these institutions are moot.

Plaintiff also seeks declaratory judgment. As Plaintiff has failed to state a claim upon which relief can be granted, his claim for declaratory judgment also fails.

Even if Plaintiff were able to state a cognizable claim upon which relief may be granted, "[a] declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaratory judgment is unnecessary and duplicative.

### III. Conclusion and Recommendation

The Court finds that Plaintiff's second amended complaint does not state any cognizable claim upon which relief may be granted under section 1983. The Court has already provided appropriate instructions on how to cure the deficiencies of Plaintiff's claims in its previous order, but Plaintiff has failed to cure the deficiencies identified by the Court. Therefore, the Court

///

HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 5, 2009**                    **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE